Norman J. Rodich, Bar No. 126253
nrodich@ptwww.com
PALMIERI, TYLER, WIENER, WILHELM & WALDRON LLP
1900 Main Street, Suite 700
Irvine, CA 92614-7328
Telephone: (949) 851-9400
Facsimile: (949) 757-1225

Attorneys for Plaintiff
SORARA OUTDOOR LIVING USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SORARA OUTDOOR LIVING USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPEARANCES INTERNATIONAL, LLC, a Delaware limited liability company, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 5:20-cv-01112 JGB (SPx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1) Breach of Written Contract**<br>**2) Account Stated**<br>**3) Open Book Account**<br>**4) Unjust Enrichment**<br><br>Assigned for All Purposes To:<br>Judge: Hon. Jesus G. Bernal |

Plaintiff SORARA OUTDOOR LIVING USA, INC., alleges:

## GENERAL ALLEGATIONS

### The Parties

1.  Plaintiff SORARA OUTDOOR LIVING USA, INC. ("Plaintiff"), is and at all times mentioned herein was a corporation organized and existing under the laws of the State of California with its principal place of business in Chino Hills, California.

2.  Plaintiff is informed and believes and thereon alleges that defendant APPEARANCES INTERNATIONAL, LLC ("Appearances International") is, and at all times mentioned herein was a limited liability company organized and existing under

the laws of the State of Delaware with its principal place of business in Bingham Farms, Michigan.

3. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the wrongdoing herein alleged, and caused Plaintiff's damages.

4. At all times herein mentioned, the unqualified use of the term "Defendants" shall refer to each defendant named in the caption of this action, including DOES 1 through 25, inclusive.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendants and each of them, were the agents, servants, partners, and employees and/or joint venturers of the other Defendants, and each of them, and were at all times mentioned herein acting within the course and scope of such agency, employment, and/or joint venture relationship with the permission and consent of each of the other Defendants.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as Plaintiff and Defendants are completely diverse in citizenship and the amount in controversy exceeds $75,000.

7. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this Division and District. 28 U.S.C. § 1391(b).

8. This Court has jurisdiction over the parties to this action because, among other reasons, Plaintiff's claims against Defendants asserted herein arise out of a written contract that was negotiated and performed in the State of California within this District as alleged below.

# FIRST CLAIM FOR RELIEF

## Breach of Written Contract

## (Against All Defendants)

9. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 8 above as though fully set forth herein.

10. Plaintiff is an importer of outdoor patio umbrellas and related products.

11. Appearances International is a provider of online marketing, promotion and retailing services.

12. On or about February 6, 2017, Plaintiff and Appearances International entered into a written contract (the "Contract"). A true and correct copy of the Contract is attached hereto as Exhibit A. A certified English translation of the Contract is attached hereto as Exhibit B.

13. The Contract was negotiated in the City of Chino, California, and performed, prior to Defendants' material breach thereof, within this District.

14. Plaintiff's claims herein arise directly out of the Contract.

15. Article 12, Section B, of the Contract provides in part that disputes "arising from the performance of the agreement shall be settled through consultation between the parties . . . ." Plaintiff has complied fully with this provision by meeting and conferring with Defendants in a good faith effort to resolve the dispute between the parties.

16. Article 12, Section B, further provides that, if no agreement can be reached through the consultation, "each party shall have the right to submit the dispute to the people's court that has jurisdiction over the dispute." The term "people's court" is not defined in the Contract. Nor is the location of the undefined "people's court" specified. Further, nothing in this provision or elsewhere in the Contract provides that the undefined "people's court" is the exclusive court having jurisdiction over disputes between the parties arising out of the Contract or that any legal action between the parties arising out of the Contract may only be brought in that undefined court. The provision is therefore permissive and not mandatory as it provides only that the parties

"shall have the right" (i.e., may) submit disputes arising out of the Contract to the unspecified "people's court" having jurisdiction over the matter, but are in no way required to do so. *Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) (forum selection clauses will be enforced only if they "contain language that clearly designates a forum as the exclusive one"); accord *1250 Oceanside Partners v. Maryl Grp., Inc.* (In re 1250 Oceanside Partners), 652 Fed. Appx. 588, 589 (9th Cir. 2016); *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

17. Pursuant to the Contract, Appearances International agreed to market and sell over e-commerce platforms including Amazon.com certain products owned and supplied by Plaintiff and to remit payment to Plaintiff in Chino Hills, California, by direct deposit into Plaintiff's bank account in Irvine, California, twice monthly, a specified portion of the sale proceeds determined according to the terms and conditions of the Contract.

18. Defendants initially complied with the terms of the Contract by remitting payment of the amounts due thereunder to Plaintiff as agreed. However, within approximately the last year, Defendants materially breached the Contract by failing and refusing to pay Plaintiff amounts due under the Contract.

19. As of December 31, 2019, the past-due balance owed to Plaintiff under the Contract was $2,900,000.00, exclusive of late fees and other accrued charges.

20. Since the filing of this action, Defendants have made certain payments to Plaintiff, thereby reducing the past-due balance owed to Plaintiff under the Contract to approximately $1,000,000.00, exclusive of accrued late fees and other charges.

21. Plaintiff has duly performed all of its obligations under the Contract.

22. As a direct and proximate result of Defendants' material breach of the Contract as alleged above, Plaintiff has been damaged in an amount according to proof at trial but in no event less than $1,000,000.00 plus late fees and other accrued charges.

## SECOND CLAIM FOR RELIEF

## ACCOUNT STATED

**(Against All Defendants)**

23. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 above as though fully set forth herein.

24. Within four years preceding the commencement of this action an account was stated by and between Plaintiff and Defendants as of December 31, 2019, and on such statement a balance of $2,900,000.00 ("Past-due Amount"), was found due and owing to Plaintiff from Defendants. Defendants agreed to pay Plaintiff said balance.

25. Since the filing of this action, Defendants have made certain payments to Plaintiff, thereby reducing the Past-due Amount to approximately $1,000,000.00, exclusive of late fees and other charges.

26. Demand for payment has been made upon Defendants, but Defendants have failed and refused to pay the Past-due Amount, and that amount, together with accrued late fees and other charges, remains due, owing and unpaid.

## THIRD CLAIM FOR RELIEF

## OPEN BOOK ACCOUNT

**(Against All Defendants)**

27. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 26 above as though fully set forth herein.

28. Within four years preceding the commencement of this action, Defendants became indebted to Plaintiff on an open book account in the sum of the Past-due Amount.

29. Demand for payment has been made upon Defendants, but Defendants have failed and refused to pay the Past-due Amount, and that amount, together with accrued late fees and other charges, remains due, owing and unpaid.

## FOURTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

**(Against All Defendants)**

30. Plaintiff realleges and incorporates herein by reference paragraph 1 through 29 above as though fully set forth herein.

31. Defendants have been unjustly enriched at Plaintiff's expense by failing and refusing to pay Plaintiff the Past-due Amount.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general and/or compensatory damages in a sum not less than $1,000,000, plus accrued late fees and other charges according to proof at trial;

2. For prejudgment interest at the highest rate and from the earliest date permitted by law;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: September 18, 2020

PALMIERI, TYLER, WIENER, WILHELM & WALDRON LLP

By: /s/ Norman J. Rodich
Norman J. Rodich
Attorneys for Plaintiff
SORARA OUTDOOR LIVING USA, INC.

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1900 Main Street, Suite 700, Irvine, CA 92614-7328 and my email address is staylor@ptwww.com.

I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

**FIRST AMENDED COMPLAINT**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18, 2020, at Irvine, California.

| Shirley A. Taylor | /s/ Shirley A. Taylor |
|---|---|
| (Type or print name) | (Signature) |

Palmieri, Tyler, Wiener Wilhelm & Waldron LLP
Attorneys at Law